UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOEL MOMBREA,

                Plaintiff,

                                                            **DECISION AND ORDER**
                                                            09-CV-1036-A

        v.

UNITED STATES OF AMERICA,

                Defendant.

---

      This personal injury action is brought by the plaintiff, Joel Mombrea, against the defendant, the United States of America, under the Federal Tort Claims Act, 28 U.S.C. § 1346, pursuant to the Court's federal-question jurisdiction. 28 U.S.C. § 1331. The action was referred for pretrial proceedings to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1).

      On September 6, 2012, Magistrate Judge Foschio filed a Report and Recommendation (Dkt. No. 53), recommending that the United States' motion for summary judgment pursuant to Fed. R. Civ. P. 56 (Dkt. No. 42) be granted. The Report and Recommendation concludes that plaintiff Mombrea has no viable claim for negligence because he has insufficient evidence to carry his burden to prove that the United States caused or had actual or constructive knowledge of the shard of glass that cut plaintiff's heel and that was discovered when plaintiff was at a passenger-screening area in the Buffalo Niagara International Airport.

Plaintiff Joel Mombrea filed objections to the Report and Recommendation on September 19, 2012. Defendant filed a response to plaintiff's objections on October 5, 2012. The Court has deemed the matter submitted pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. The Court has concluded that oral argument is unnecessary.

Pursuant to 28 U.S.C. § 636(b)(1), the Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. The Court reviews unobjected-to findings for clear error. *Charvenko v. Barbera,* 2011 WL 1659882 at *1 (W.D.N.Y. May 3, 2011).

Pursuant to these standards of review, and after careful consideration of the parties' arguments, the Court adopts the proposed findings of the Report and Recommendation and grants summary judgment to the United States. Plaintiff Mombrea objects to the Report and Recommendation primarily to assert that he has ample evidence that defendant United States breached a duty of reasonable inspection of the passenger screening area in the airport and that he does not need to prove either actual or constructive knowledge of the unperceived dangerous condition of the United States' premises that allegedly caused his injuries. The Court disagrees.

Under applicable New York law, unless plaintiff Mombrea proves that the United States caused or had actual or constructive knowledge of the shard of glass that cut plaintiff's heel, the United States is not liable in negligence. *See generally,* 1A Hon. Leon D. Lazer, et al., *New York Pattern Jury Instructions – Civil* § 2:91 (3rd

ed. 2012) (pattern jury instruction for unsafe premises); *compare Taylor v. United States,* 121 F.3d 86, 89-91 (2d Cir. 1997) *with The American Insurance Company v. The City of Jamestown,* 10-CV-834-A, Dkt. No. 40 (W.D.N.Y. October 22, 2012) (absence of actual or constructive knowledge in property-damage municipal negligence action is a limit on the scope of the common law duty of care and is a threshold legal issue to be determined by the Court).

Plaintiff Mombrea contends that defendant United States' actual or constructive knowledge of the shard of glass is legally irrelevant to the United States' duty to inspect the passenger screening area in the airport where the shard of glass was found. However, the plaintiff overlooks that foreseeability of harm is a necessary condition, but not a sufficient condition, of a *prima facie* case of negligence. *532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Center, Inc.,* 96 N.Y.2d 280, 289 (2001). As the New York Court of Appeals has stated:

> foreseeability of harm does not define duty. Absent a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm . . . .

*532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Center, Inc.,* 96 N.Y.2d at 289. All of the evidence upon which the plaintiff relies in support of his objection to the Report and Recommendation pertains exclusively to the foreseeability of harm, not actual or constructive knowledge of the shard of glass that cut his heel.

It is well-settled that a landowner or a possessor of premises is not an insurer against every accident. "Proof of negligence in the air, so to speak, will not do" to

3

trigger negligence liability. *Palsgraf v. Long Island R. Co.,* 248 N.Y. 339, 341 (1928) (*quotation omitted*). "Without a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm." *Lauer v. City of New York,* 95 N.Y.2d 95, 100 (2000).

Plaintiff Mombrea concedes that he has no proof defendant United States had actual or constructive knowledge of the shard of glass that cut plaintiff's heel. Without that knowledge, the United States owed no duty of care with respect to the shard of glass running to plaintiff and is not liable to plaintiff in negligence under New York law for the injury. *See The American Insurance Company v. The City of Jamestown,* 10-CV-834-A, Dkt. No. 40 (W.D.N.Y. October 22, 2012). "In the absence of duty, there is no breach and without a breach there is no liability." *Pulka v. Edelman,* 40 N.Y.2d 781, 782 (1976). For these reasons, and for all of the reasons set forth in Magistrate Judge Foschio's Report and Recommendation, the United States' motion for summary judgment (Dkt. No. 42) is granted. The Clerk shall enter judgment for defendant United States of America and terminate the case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: October 23, 2012